FILED

2011 Mar-14  PM 01:37
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

JOSEPH ANTHONY NUNNARI,

     Plaintiff,

v.

                             Case No.: 3:10-cv-1367-HGD

MADELINE GRACE MITCHELL,

     Defendant.

_____/

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff, **JOSEPH ANTHONY NUNNARI,** by and through

the undersigned counsel, hereby submits this Memorandum in Opposition to

Defendant's Motion for Summary Judgment, and states as follows:

### INTRODUCTION

The Defendant in this cause has moved for summary judgment on the basis

that the Plaintiff has failed to present any evidence of wanton conduct on the part of

the Defendant to overcome the requirements of the Alabama Guest Passenger Statute,

Ala. Code §32-1-2.  Although Plaintiff agrees that the Guest Passenger Statute is

applicable, the Plaintiff will show that the record contains sufficient evidence under

Alabama law to create issues of fact as to the Defendant's wanton conduct.

## ADDITIONAL EVIDENCE

The testimony of the Plaintiff in this case was that the Defendant was driving

on this trip from Tuscaloosa to the Defendant's parents' home. At some point during

the trip, the Plaintiff was awakened from sleep by the Defendant running off of the

roadway. At that point, the Plaintiff told the Defendant to slow down. The Plaintiff

fell asleep again shortly after and until the crash (Nunnari depo, pp. 36 - 40). The

Defendant testified that she was familiar with the route from Tuscaloosa to her

parents' home. At the time of the crash, she claimed to be in her lane of travel after

passing a vehicle shortly before and had just made it back into her lane. At that time,

she claimed a deer ran in front of her vehicle, she hit it, and that striking the deer

resulted in her fishtailing and losing control of her vehicle. The Defendant stated that

she did not turn the wheel. At the time of the crash, the Defendant did not know her

speed (Mitchell depo, pp. 11 - 15).

The Plaintiff retained Chris Bloomberg, a professional engineer and accident

reconstruction expert, to perform a reconstruction of the accident in this case. Mr.

Bloomberg has many years of experience in accident reconstruction. He reviewed the

accident report, vehicle photographs from the insurance company, and the deposition

transcripts of the parties.  He also made a site visit where he met the investigating

Alabama State Trooper, took photographs and also measurements.  Additionally, he

located the Defendant's vehicle and inspected, took measurements, and photographs

of the vehicle.  Based upon that data and in using standard engineering formulas, Mr.

Bloomberg reached certain opinions concerning the speed at which the Defendant

was operating the vehicle and the way that the accident occurred.  It was his opinion

that the Defendant did not strike a deer or any other type of animal.  This was based

upon his discussion with the Alabama State Trooper during which it was discussed

that there was no evidence of hair or blood or an injured  or dead animal at the scene

and also his own observations of the photographs and the Defendant's vehicle itself.

Instead, he was of the opinion that the Defendant had swerved off of the roadway and

to the left to avoid an animal that ran into the roadway.  He was further of the opinion

that the vehicle was traveling a minimum of 65 miles per hour and probably higher

on the narrow, two-lane roadway with sloping shoulders and trees very near the edge

of the roadway.  The speed limit of the roadway was 55 miles per hour.  He concluded

as follows (Bloomberg depo, pp. 45):

> "It's my opinion that Ms. Mitchell was speeding at the time of
> the incident, and that she should not have chosen to swerve off
> the road in an attempt to miss an animal that was in the roadway,
> because that endangered herself and her passenger.  If she had

Case 3:10-cv-01367-IPJ   Document 25   Filed 03/14/11   Page 4 of 9

been traveling the speed limit and just maintained control of
the vehicle in the roadway, the accident and injuries would
have been avoided."

Further, the photographs show that the incident occurred on a narrow two lane

roadway very near a narrow bridge (Exhibit 'A').  The photographs also reveal the

precariously close drop-off and trees if a vehicle leaves the roadway (Exhibit 'A').

## ARGUMENT

Although the substantive law of Alabama applies to this diversity case, the

procedural aspects of summary judgment are controlled by the Federal Rules of Civil

Procedure.   Under Rule 56 (c), summary judgment may only be granted "...if the

pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law." *Celotex Corp.

v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  All evidence

presented by the non-movant in opposition must be believed and all reasonable

inferences must be drawn in the non-movant's favor. *Anderson v. Liberty Lobby,* 477

U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

In this case, the issue before the Court is whether the evidence gives rise to an

inference that the Defendant's conduct or lack of conduct in this case arises to the

level of wanton conduct under Alabama's Guest Passenger Statute.  In making that

determination, a review of Alabama guest passenger cases shows clearly that the Plaintiff has met his burden in the evidence.

"Wantonness" is defined statutorily in Alabama as conduct which is performed with a reckless or conscious disregard of the rights or safety of others. Ala. Code § 6-11-20(b)(3). The proof of wanton misconduct requires the showing of the defendant consciously doing same act but does not require the showing of any intent to injure. *Burns v. Moore*, 494 So. 2d 4,5 (Ala. 1986). Unless there is a total of any evidence from which the jury could reasonably infer wantonness, it is a factual issue for the jury. *Id*. Further, a willful or intentional act is not required for wantonness, *Atlantic Coastline Railroad Company v. Brackin,* 248 Ala. 459, 461, 28 So. 2d 193, 194 (1946). All that is required is the doing of a conscious act with knowledge of the existing conditions and knowledge that the act is likely to cause injury or damage to another. *Burns v. Moore*, at 5-6. The knowledge requirement need not be shown by direct proof but may arise as a reasonable inference from the facts. *Id*. at 6.

In *Coleman v. Smith*, 901 So. 2d 729 (Ala. Civ. App. 2004), the lower court had directed a verdict in favor of a vehicle operator for injuries sustained by a passenger when the driver lost control of his vehicle causing an accident. The appellate court reversed, holding that although the rate of speed at which a vehicle is traveling does not necessarily demonstrate wantonness, coupled with other

circumstances, evidence of speed may create an inference of wantonness.  In that case, the Court found that evidence of speed of 55 - 65 miles per hour coupled with being in the middle of an unmarked, narrow roadway consisting of tar and loose gravel and cresting a blind hill was sufficient evidence to give rise to an issue for the jury under the Guest Statute.  In this case, the evidence in the light most favorable to the Plaintiff is similar.  The Defendant was consciously driving at least 65 miles per hour on a narrow two lane roadway, with similar roadway composition, and consciously swerved to the left towards a narrow shoulder with trees very close to the roadway, very closely approaching a narrow two lane bridge to avoid an animal in the roadway.  The Defendant had run off the road earlier in the trip and had been chided by the Plaintiff to slow down.

Likewise, in *Sellers v. Sexton*, 576 So. 2d, 172, 175 (Ala. 1991), the driver lost control of her vehicle causing a crash resulting in the death of her passenger.  The trial court entered summary judgment for the driver in the wrongful death action finding lack of any evidence of wantonness.  In reversing, the Supreme Court of Alabama held as follows:

> "In this case, there was evidence that Melanie Sexton was driving her car at or near the maximum posted speed limit when she entered a bridge that she should have known had been spread with rock/stone in preparation for bad weather.  In addition,

there was evidence that she knew that the bridge had a wide curve
that would obstruct her view of oncoming traffic.  These facts
constituted substantial evidence to support the wantonness claim.
Therefore, the issue should have been presented to a jury..."

In this case, we have a driver traveling at a greater than the maximum speed limit who has traveled the roadway numerous times and is familiar with the surroundings.  We have a narrow, two lane roadway with sharp dropoff to the left side and significant trees very close to the roadway.  We have a driver choosing to swerve to that left side rather than hit an animal in the roadway thereby likely causing a significant crash with serious injuries to her passenger.

## **CONCLUSION**

It is clear that this evidence supports an inference of wantonness under the above Alabama cases.  Consequently, the Defendant's motion for summary judgment should be denied.

Respectfully submitted this **14**th day of March, 2011.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing instrument has been electronically filed on this **14<u>th</u>** day of March, 2011, using the CM/ECF system and has been served upon counsel for the Defendant, Kori L. Clement, Esquire, 505 20th Street North, Suite 1010, Financial Center, Birmingham, Alabama 35203 via same in addition to facsimile.

/s/ **James F. McKenzie**
James F. McKenzie
McKenzie Hall & De La Piedra, P.A.
Fla. Bar No.: 163790
905 E. Hatton Street
Pensacola, FL 32503
(850) 432-2856
Facsimile: (850) 202-2012
jmckenzie@mckenzielawfirm.com
Attorneys for Plaintiff



tabbies®

EXHIBIT

A