
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| JOSEPH ANTHONY NUNNARI, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: CV-10-HGD-1367-NW |
| MADELINE GRACE MITCHELL, | ) |
| Defendant. | ) |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE CERTAIN EVIDENCE

COMES NOW Madeline Grace Mitchell (hereinafter "defendant"), defendant in the above-styled cause, and submits the following reply brief in support of her motion for summary judgment and motion to strike certain evidence.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file.' Designate 'specific facts showing that there is a genuine issue for trial'" Celotex Corp. v. Catrett, 377 U.S. 317, 106 S. Ct. 2548 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 106 S. Ct. 1348, 89 L. Ed.2d 538 (1986).

The Plaintiff states in his opposition brief as to "additional evidence," but the majority of delineated facts have no supporting cites to evidence.

## MOTION TO STRIKE

I. **CERTAIN FACTS ALLUDED TO BY THE PLAINTIFF ARE DUE TO BE STRICKEN.**

The admissibility of a document used to support or defeat a motion for summary judgment is subject to the rules of evidence, *see, e.g.*, Newport Ltd. v. Sears, Roebuck & Co., 6 F.3d 1058 (5th Cir. 1993), and a party cannot use evidence which would be inadmissible at trial. *See, e.g.*, Clay v. Equifax, Inc., 762 F.2d 952, 956 (11th Cir. 1985); Corwin v. Walt Disney Co., 475 F.3d 1239, 1249 (11th Cir. 2007)("[e]vidence inadmissible at trial cannot be used to avoid summary judgment.") (*quoting* Broadway v. City of Montgomery, Ala., 530 F.2d 657, 661 (5th Cir.1976)). For example, in Macuba v. Deboer, 193 F.3d 1316 (11th Cir. 1999), the Eleventh Circuit concluded that a district court's consideration of hearsay evidence in affidavits was improper, where the statements could not be reduced to admissible form at trial.

### A.    Testimony Concerning Liability Insurance.

Plaintiff should be precluded from offering into evidence in this case any testimony concerning insurance.[1] Such evidence would not be admissible under Alabama law. Inadmissible evidence concerning liability insurance includes, but is not limited to, any reference to insurance or witnesses providing reports of investigation to an insurance company, or any other reference to communication with an insurance company concerning its investigation of the incident made the basis of this suit. Ala. R. Evid. 411; *see also* Lowery v. Ward, 662 So. 2d 224 (Ala. 1995).

### B.    Testimony Regarding Accident Report or Reliance Upon Same.

The Plaintiff is attempting to admit testimony from a purported expert, who relied upon inadmissible evidence in formulating his opinions. [Court Doc. No. 25, p. 2 ("He reviewed the accident report.")] In order for his opinions to be admissible, the document relied upon must be admissible. Ala. Code § 32-10-11 (1975) provides that a police accident report is inadmissible. Furthermore, the Alabama Supreme Court has interpreted the statute to mean that such a report is

---

[1] The Plaintiff contends that his expert reviewed and relied upon "vehicle photographs from the insurance company." [Court Doc. No. 25, p. 2 of 9]

inadmissible because it is hearsay. *See* Plenkers v. Chappell, 427 So. 2d 41 (Ala. 1982). Therefore, any reference or comment regarding or reliance upon the accident report is improper and prejudicial. Id. If the document relied upon to formulate opinions is inadmissible, so are the opinions.

### C. Photographs are not Self-Authenticating and Due to Be Stricken.

The Plaintiff has attached a photograph to his opposition brief and has opined, without any reference to any testimony, that "the incident occurred on a narrow two lane roadway very near a narrow bridge," and reveals the precariously close drop-off and trees." *See* Court Doc. 25, p. 4. A photograph is not self-authenticating and therefore is not admissible unless you have someone who took the photograph testify regarding where it was taken and what it represents. In this case, the Plaintiff has asserted that it is allegedly where the accident occurred, but there is nothing in the photograph to substantiate this statement, and no testimony was offered to lay the proper foundation to make it admissible. Rule 901 of the Federal Rules of Evidence requires, as a condition precedent to admissibility, that the documents be authenticated. Fed. R. Evid. 901. Plaintiff has failed to properly authenticate this document and therefore is due to be excluded. And reference to and reliance upon is likewise due to be stricken. *See* Ex parte Frith, 526 So. 2d 880 (Ala. 1987).

### D. Testimony from the Investigating Officer Constitutes Hearsay.

The Plaintiff's proferred "additional facts" rely upon an expert who is precluded from offering his opinions because his opinions are based upon inadmissible evidence. Plaintiff's expert, Mr. Bloomburg, stated that he formed certain opinions "based upon his discussions with the Alabama State Trooper." [Court Doc. No. 25, p. 3]. No testimony by the investigating

officer was submitted. Therefore, any reliance upon statements by the investigating officer constitutes hearsay and is inadmissible. *See* Ala. R. Evid. 801.

In light of both the Frye "general-acceptance" standard and the Daubert standard, the Alabama Supreme Court has stated that:

> "Mere assertions of belief, without any supporting research, testing, or experiments, cannot qualify as proper expert scientific testimony under either the 'general-acceptance' standard enunciated in Frye or the "scientifically reliable" standard of Daubert."

Slay, 823 So. 2d at 625. In other words, even if an expert is generally qualified to provide expert testimony, an expert's testimony is not sufficient to carry the nonmovant's burden on a motion for summary judgment where "bald assertion[s] in testimony" or "[m]ere assertions of belief" are given without any supporting research, testing, or experiments. Id. at 626. In this case, the Plaintiff merely asserts what his expert's opinions are without providing the scientific background to support same.

Pursuant to Rule 702 of the Ala. R. Evid., and Daubert v. Merrell Dow Pharmaceuticals, Inc., 113 S. Ct. 2786 (1993), the Defendant objects to the use of any testimony by Mr. Bloomburg in opposition to Defendant's motion for summary judgment as it relies upon inadmissible evidence. This Court, in considering the Defendant's motion, is limited to *admissible* evidence. Rule 56, Fed. R. Civ. P., *see also*, John H. Streed Dev. Co., Inc. v. Collins, 535 So. 2d 181 (Ala. Civ. App. 1988).

## ARGUMENT

To survive summary judgment, the Plaintiff must establish a genuine issue of fact as to whether Ms. Mitchell (1) acted consciously when she attempted to avoid the sudden emergency she was faced with, an animal running out into the road with no notice, and (2) was conscious,

based on existing conditions, that injury was likely or probably result of her actions. Plaintiff has failed.

In this case, the Plaintiff contends that the road conditions were such that the Defendant was wanton in her handling of the vehicle.

To support his position, Plaintiff cites Coleman v. Smith, 901 So. 2d 729 (Ala. Civ. App. 2004) and Sellars v. Sexton, 576 So. 2d 172, 175 (Ala. 1991), both these cases are distinguishable. In Coleman, the Plaintiff testified that the Defendant stated that he was going to "open it up" and that he then began to accelerate the vehicle. 901 So. 2d at 730. As the vehicle was approaching a blind curve, the Plaintiff asked the Defendant to slow down, but the Defendant continued to accelerate into the blind curve. Id. at 731. The Defendant also was traveling in the middle of the road at an excessive speed. Id. Since the Defendant was half into the oncoming traffic, the \Defendant had to swerve to avoid oncoming traffic, lost control and veered into a ditch. The Court held that the issue of wantonness could be presented to the jury, not based on speed alone, but because the facts most favorable to the Plaintiff indicated that the Defendant was traveling above the speed limit, was in the wrong lane of travel at the time of the accident, the road was narrow with no delineated center line, and consisted of tar and loose gravel, and that the Defendant was accelerating into a blind hill. Id. at 732. Such facts do not exist in this case. The undisputed facts are that Ms. Mitchell passed a slower moving vehicle, that she only accelerated slightly in order to pass this vehicle and that it was legal for her to pass the vehicle when she did so. Ms. Mitchell had made the passing maneuver safely and had returned to her lane of travel when an animal ran out into the road into her lane of travel. In an effort to afford the animal, she lost control of her vehicle. She had not warning that an animal was going to dart out in front of her vehicle.

5

The Alabama Supreme Court has explained that "wantonness, which requires some degree of consciousness on the part of the Defendant that injury is likely to result from his act or omission, is not to be confused with negligence." Ex parte Anderson, 682 So. 2d 467, 470 (Ala. 1996). To prevail on a wantonness claim, or to survive a motion for summary judgment, the Plaintiff must show that the Defendant knew that the "conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." Baker v. Towns, 747 So. 2d 907, 909 (Ala. Civ. App. 1999) (*quoting* Alfa Mut. Ins. Co. v. Rousch, 723 So. 2d 1250, 1256 (Ala. 1998). No evidence, let alone credible evidence, has been presented that indicates that Ms. Mitchell had any idea that an animal would run out in front of her at that exact moment.

Plaintiff's reliance on Sellars v. Sexton is also misplaced. 576 So. 2d 172 (Ala. 1991). In Sellars, there was evidence that Sexton was driving her car at or near the maximum posted speed limit when she entered a bridge that she should have known had been spread with rock/stone in preparation for bad weather. In addition, there was evidence that she knew that the bridge had a wide curve that would obstruct her view of any oncoming traffic and she testified that normally she slowed down for this curve, but did not do so on this occasion. Such facts do not exist in this matter. The only evidence presented was that Ms. Mitchell passed a slow moving vehicle and in doing so may have exceeded the speed limit by 5 to 10 mph. There is no evidence of any bad weather or evidence of rock or stone on the road, there is no testimony that she was entering or leaving a bridge or that she had to transverse a curve. The only evidence presented is that Ms. Mitchell passed a slow moving vehicle, and had completed her maneuver and was completely back in her lane of travel when an animal ran out in front of her. Sellars is inapposite to this matter.

While Ms. Mitchell's failure to avoid the animal that ran into the road is unfortunate, the facts of this case, when viewed in a light most favorable to the Plaintiff, do not provide substantial evidence of the requisite elements of wantonness on the part of Ms. Mitchell. Ms. Mitchell's motion for summary judgment is due to be granted.

                Respectfully submitted,

                s/Kori L. Clement
                Kori L. Clement (CLE022)
                Attorney for Defendant
                Madeline Grace Mitchell

OF COUNSEL:
HARE, CLEMENT & DUCK, P.C.
505 20th Street North
Suite 1010, Financial Center
Birmingham, Alabama 35203
Telephone: (205) 322-3040
Facsimile: (205) 322-5577
Email: clem@harelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been electronically served upon counsel of record by placing a copy of same in the United States Mail, properly addressed and postage affixed, this the 21st day of March 2011, as follows:

James F. McKenzie, Esquire
McKenzie, Hall & De La Piedra, P.A.
905 East Hatton Street
Pensacola, Florida 32503-3931

                /s/Kori L. Clement
                Of Counsel